Brevard, J.
The demurrer admits that the defendant was an infant when the deed of apprenticeship was executed.
The plea of infancy admits the facts set forth in the declaration. The declaration states, that the defendant was bound an apprentice to the plaintiff pursuant to the act of assembly in such case made and provided ; and that before the expiration of the term of his apprenticeship, he departed the service of the plaintiff, and continued to absent himself until the expiration of his apprenticeship. It is not alleged in the declaration, at least my brief does not shew it, that the departure of the defendant from his master’s service, was without leave from his master ; and I apprehend it cannot be fairly presumed or implied. On demurrer we must look for the first fault, and give judgment on that. The declaration contains no cause of action, if my brief be correct, and, therefore, the District Court did right in giving judgment for the defendant. (Com. Dig. 369.) But the cause was not argued on this ground : I will, therefore, proceed to give my opinion on the question submitted in argument.
The action in this case was covenant, on the indenture of apprenticeship. It was insisted, that the action was not maintainable against the infant, although our act of assembly (P. L. 176,) declares, that infants bound by indenture to serve as apprentices, according to the act, shall be bound to serve as fully and *46 effectually, to every intent, as if they were of full age at the time of making such indentures,’ and by indentures of covenant had bound themselves.
By the custom of London, such an action lies against an infant, if of the years of discretion. (Cro. Eliz. 653. Cro. Car. 179.) But no such action lies at common law. (Cro. Car. 179. 7 Mod. 15.) Lord Kenyon has, however, entered his protest against taking it for granted, that an infant may put an end to a contract of apprenticeship, notoriously for his advantage, by leaving his master. (6 D. and E. 557. 2 T. R. 161. 2 H. B1. 511.)
It has been adjudged, that covenant will not lie against an infant apprentice, for departing from his master without license, grounded on the stat. 5 Eliz., which is not unlike our act of assembly; because the statute prescribes another remedy. (Cro. Car. 179. 3 Vin. Abr. Tit. Apprentice.)
Our act declares, that when differences shall arise between masters and apprentices, two justices of the peace, upon complaint to them, shall decide according to justice and equity : and provides for a re-examination of their sentence by a superior magistrate.
The act having thus provided, there seems to be no necessity for the action of covenant; at any rate, against an infant, in order to do justice between masters and apprentices, upon indentures made pursuant to the act. To hold the contrary, might expose the estates of infants to ruin. If the master requires further security than that which the indenture gives, so as to entitle himself to an action of covenant, he must get some of the infant’s friends, who are capable of contracting, to be bound in the indenture, for the faithful discharge of his duty. (8 Mod. 190. Doug. 518. 6 T. R. 652.)
Although covenant cannot be maintained on an indenture of apprenticeship, taken strictly pursuant to the act, yet the master is not without an adequate remedy. He may complain to two justices of the peace for any misconduct of his apprentice, and have him punished. He may, by his own authority, restrain him, and coerce obedience to his lawful commands. He may even correct, him while in his service, as a parent may correct his child. (1 Black. Com. 428. Bac. Abr. Tit. Master and Servant. 1 Burn’s Justice, Tit. Apprentice.)
My opinion is, that the motion ought to be rejected.
By the court, unanimously, the motion was rejected.